IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 21, 2024

## TUT MAYAL TUT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2012-C-1981     Cheryl Blackburn, Judge**

_____

## No. M2023-01069-CCA-R3-PC

_____

The pro se petitioner, Tut Mayal Tut, appeals the summary dismissal of his second petition for post-conviction relief, which petition challenged his guilty-pleaded convictions of especially aggravated kidnapping, especially aggravated robbery, and aggravated rape, alleging that his guilty pleas were unknowing and involuntary. Discerning no error, we affirm the summary dismissal of the post-conviction petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which TOM GREENHOLTZ, and MATTHEW J. WILSON, JJ., joined.

Tut Mayal Tut, Tiptonville, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case arose from a March 2012 incident in which the then-fifteen-year-old petitioner and three co-defendants "kidnapped, robbed, and brutalized" two male victims. *Tut Mayal Tut v. State*, No. M2016-01673-CCA-R3-PC, 2017 WL 3475532, at *1 (Tenn. Crim. App., Nashville, Aug. 14, 2017). The Davidson County Grand Jury charged the petitioner with two counts of especially aggravated kidnapping, two counts of especially aggravated robbery, and four counts of aggravated rape. This court summarized the evidence on appeal of the petitioner's first post-conviction proceeding:

> According to the evidence presented by the State, the
> victims went to the *Tennessean* distribution center around

3:00 a.m. on March 17, 2012, to pick up newspapers to deliver. Because the papers would not be ready for some time, the victims decided to go to [one victim's] apartment. As they were walking up the stairs toward the apartment, the victims were approached by four individuals asking for the location of a specific apartment. As the victims tried to give the men some directions, the men "charged at" the victims and hit them. One of the assailants placed a knife at [one victim's] throat. [The other victim] threw his coffee at one of the assailants. The assailants continued to assault the victims and rummaged through their pockets, removing their wallets. The victims were then forced into the back seat of a small car with one of the assailants while the other three sat in the front seat. As the car was driven around, the victims were beaten and repeatedly stabbed with the assailants passing the knife back and forth among themselves. The assailants demanded the PIN numbers for the victims' bank cards and withdrew money from ATMs. The assailants then ordered the victims to perform fellatio on each other. After approximately forty-five minutes to an hour of this ordeal, the assailants forced the victims to strip naked, exit the car, and get on the ground where they were again severely beaten. As the assailants fled in the vehicle, they threatened to kill the victims. The victims were able to walk to a nearby house to seek assistance and were eventually taken to the hospital.

During the investigation, the police were able to obtain security footage of one of the codefendant's withdrawing money from an ATM. A search warrant was obtained for [two co-defendants'] house. There, the police found some of the victims' belongings as well as a "large amount of blood evidence" in the back seat of a car in the driveway. [The p]etitioner's DNA was also discovered on some of the items. [One victim] was able to identify [the p]etitioner in a photographic lineup as the assailant at whom he had thrown his coffee.

*Id.* at *1-2. The petitioner pleaded guilty as charged in exchange for a 30-year sentence. *Id.* at *1.

The petitioner filed his first petition for post-conviction relief on March 19, 2014, alleging that he was deprived of the effective assistance of juvenile court counsel and trial counsel and that his guilty pleas were unknowing and involuntary. *Id.* at *2. This court affirmed the denial of post-conviction relief. *Id.* at *1.

In September 2021, the petitioner filed a pro se petition for writ of habeas corpus. *Tut M. Tut v. Kevin Genovese, Warden*, No. W2021-01290-CCA-R3-HC, 2022 WL 1077314, at *1 (Tenn. Crim. App., Jackson, Apr. 11, 2022). This court affirmed the habeas corpus court's summary dismissal of that petition but remanded the case for entry of corrected judgments for the aggravated rape convictions reflecting the petitioner's designation as "Multiple Rapist 100%" rather than as "Violent Offender 100%." *Id.* at *3. This court concluded that the erroneous violent offender designations "were clearly a clerical error" and that pursuant to the petitioner's plea agreement, he was "to serve all of his convictions at 100% release eligibility." *Id.* at *2. This court clearly stated: "We reiterate that nothing in the record on appeal or the [p]etitioner's archived post-conviction records indicates that any part of his guilty plea was meant to include a release eligibility [of] 85%. Instead, every mention of a release eligibility is stated as 'at 100%.'" *Id.*

The petitioner filed the instant pro se petition for post-conviction relief on March 6, 2023. In this petition, he argues that his guilty plea was not entered knowingly and voluntarily because the addition of "the 'Multiple Rapist' sentencing provision" on the corrected judgments for the aggravated rape convictions subjected him to a greater sentence than was contemplated by the plea agreement.

The trial court summarily dismissed the post-conviction petition, concluding that the petitioner's "release eligibility issue" and "the issue of whether [the petitioner] knowingly and intelligently entered his plea . . . has been litigated."

The petitioner timely appealed, reasserting his argument that the correction of the "multiple rapist" designation on the judgments for his aggravated rape convictions rendered his guilty plea unknowing and involuntary because he believed at the time of his plea submission hearing that he would be able to earn sentence reduction credits. The State argues that the post-conviction court properly dismissed the petition because the issue has been previously determined.

Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within

-3-

one (1) year of the date on which the judgment became final." A post-conviction court lacks jurisdiction to "consider a petition filed after the expiration of the limitations period" unless certain limited exceptions apply. *Id.* § 40-30-102(b). Even when a petition is timely filed, "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." *Id.* § 40-30-106(f). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence . . . ." *Id.* § 40-30-106(h). Importantly, the Post-Conviction Act

> contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.

*Id.* § 40-30-102(c). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case . . . that a prior petition was filed attacking the conviction and was resolved on the merits, the judge shall enter an order dismissing the petition." *Id.* § 40-30-106(b).

We take judicial notice of the record in the defendant's first post-conviction proceeding to assist our review. *See State v. Lawson*, 291 S.W.3d 864, 870 (Tenn. 2009) ("[T]hose matters pertaining to the records of a court are subject to judicial notice . . . ." (citation omitted)). The first post-conviciton court held an evidentiary hearing on the petitioner's post-conviction petition. In denying post-conviction relief, the first post-conviction court explicitly accredited trial counsel's testimony over that of the petitioner, finding that trial counsel explained to the petitioner that under the plea agreement, the petitioner would plead guilty to offenses that "were not parole eligible" and that the petitioner's sentence would be for "30 years to be served at 100%." This court upheld the first post-conviction court's findings on appeal. *Tut Mayal Tut*, 2017 WL 3475532, at *9 ("Petitioner's signed plea petition and sworn testimony at the guilty plea hearing support trial counsel's testimony that he correctly informed Petitioner that his sentences were to be served at 100%."). Because the issue of whether the petitioner understood that his sentence was to be served at 100 percent without the possibility of early release was litigated in his first post-conviction petition after a full and fair hearing, the issue has been previously determined and, consequently, may not be relitigated. *See* T.C.A. § 40-30-106(h).

Additionally, this is the petitioner's second post-conviction petition, and "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." *Id.* § 40-30-102(c). The correction of a clerical error on a judgment does not overcome this strict limitation. Moreover, we will not construe this petition as a motion to reopen because none of the grounds to reopen are applicable here. *See id.* § 40-30-117(a). Even if the petitioner's issue had not been previously determined, the trial court was required to summarily dismiss this second petition for post-conviction relief. *See id.* § 40-30-102(c).

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE